UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00081 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARCUS WILLIAMS | MAG. JUDGE KAREN L.  HAYES |

<u>**MEMORANDUM ORDER**</u>

On June 24, 2014, the Clerk of Court received a motion for reduction of sentence [Doc. No. 93] filed by Defendant Marcus Williams ("Williams").  On April 16, 2009, Williams was convicted a possession of a firearm and ammunition after having previously been convicted of a crime punishable by imprisonment of a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  On August 17, 2009, Williams was sentenced to a statutory minimum term of imprisonment of 120 months.

In the instant motion, Williams moves the Court to reduce his sentence.  He recounts the recent death of his oldest son in Afghanistan while on active duty, and he expresses his desire to be a father to his remaining children, as well as to help them through their grief.  He points out to the Court that during his term of imprisonment he has obtained his GED and completed the Residential Drug Abuse Program, even though he knew that his participation in the program would not result in the reduction of his sentence.   Williams moves the Court for reduction of at least six months.

The Court is truly sympathetic to Williams' loss of his son and believes that he desires to be a better father to his other children.  The Court also commends Williams on committing himself to education and rehabilitation efforts while in prison.  Unfortunately, however, Williams was sentenced to a statutory mandatory minimum of 120 months imprisonment.  The Court has

no authority to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(2)[1], any other statute, or the Federal Rules of Criminal Procedure.  Therefore,

IT IS ORDERED that Williams' motion for reduction of sentence [Doc. No. 93] is DENIED.

MONROE, LOUISIANA, this 26th day of June, 2014.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1]Under § 3582(c)(2), if the "sentencing range" upon which a defendant was sentenced is "subsequently . . .  lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," then "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   In this case, the "range" upon which his sentence was based was, again, a statutory mandatory minimum, not a recommended Guidelines range.